Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sabah Alzibaree,<br><br>      Plaintiff,<br><br>v.<br><br>Central Arizona College, Pinal County Community College District,<br><br>      Defendants. | **ORIGINAL COMPLAINT** |

Plaintiff Sabah Alzibaree ("sah-BAH ahl-zih-BAR-ee"), by and through the undersigned counsel, hereby seeks relief under 42 U.S.C. § 2000e, as follows:

### THE PARTIES

1. Plaintiff Sabah Alzibaree (sometimes "Al Zibaree") was at all relevant times herein a resident of Pima County, Arizona, and an "employee" of Central Arizona College ("CAC") and/or Pinal County Community College District ("PCCCD").

2. Defendant Central Arizona College is a community college within the PCCCD and at all relevant times conducting its business in Pinal County, Arizona.

3. Defendant Pinal County Community College District is a political subdivision of the state of Arizona, established by statute, and at all relevant times conducting its business in Pinal County, Arizona

4. Either CAC or PCCCD or both jointly were the "employer" of Plaintiff within the meaning and purposes of Title VII, 42 U.S.C § 2000e at all times material to this action.

5. At all times pertinent to this Complaint, the PCCCD and/or CAC managerial



employees were acting within the course and scope of their employment with the Department and under the color of state law; and as a result thereof, the entities are responsible and liability is imputed for the acts and omissions of their managerial employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

6.   All acts alleged in this Complaint occurred in Pinal County, Arizona.

**JURISDICTION AND VENUE**

7.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

8.   The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Pinal County, State of Arizona.

9.   Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

**ALLEGATIONS COMMON TO ALL CLAIMS**

10.  CAC is a two-year educational institution under the PCCCD.

11.  CAC employs over 300 full-time and over 550 part-time individuals.

12.  Mr. Alzibaree's national origin is Iraq and his race is Arab.

13.  Mr. Alzibaree was at all relevant times eligible to work in the State of Arizona.

14.  On January 16, 1984, CAC hired Mr. Alzibaree as a professor of computer information systems.

15.  CAC employed Mr. Alzibaree for several years until he retired in June 2010 from his full-time professor position.

16.  Following his retirement, CAC offered him additional part-time teaching positions in the 2010-2011 and 2011-2012 academic years.

17.  Mr. Alzibaree contributed greatly to the development of the networking program at CAC, including the creation of curriculum, the recording of lectures for Blackboard (a widely-used academic intranet software), and overseeing and recommending hardware selection designed to provide the best virtualization and online access for students and faculty alike.

18.  In preparation for the 2012-2013 academic year, CAC posted a requisition for a Professor of Computer Information Systems-Networking within the Computer Information Systems-Networking Department on June 7, 2012.



19. CAC also created an Evaluation Committee consisting of several faculty officials to interview and evaluate the applicants for the Professor position, and make a recommendation to the cabinet officer of the Department for a final decision.

20. After CAC posted the requisition for the Professor position, Mr. Alzibaree and 10 other individuals applied.

21. CAC reviewed the applications and selected six applicants, including Mr. Alzibaree, to invite to CAC for interviews.

22. However, three applicants declined CAC's invitation and, therefore, the Evaluation Committee interviewed the three remaining applicants, including Mr. Alzibaree.

23. After the interviews, the Evaluation Committee found Mr. Alzibaree and one other applicant to meet the applicable criteria for the position.

24. Mr. Alzibaree had the higher score in the Evaluation Committee.

25. However, CAC, acting via a Cabinet Officer, first offered the position to the other applicant, who declined the position.

26. After that gentleman declined the position, instead of offering the position to Mr. Alzibaree, CAC allegedly "changed its mind" on filling that position.

27. Upon information and belief, the reason CAC changed its mind was because of Mr. Alzibaree's race, national origin, and/or age.

28. However, CAC's students had already enrolled in the classes CAC anticipated would be taught by the individual filling the Professor position.

29. Instead of asking Mr. Alzibaree to teach those classes (as he had already been teaching classes at CAC), CAC, with the approval of the PCCCD Governing Board, hired another faculty member (female, American-born, Caucasian) teach the classes, though she had not even submitted her resume for consideration or interviewed.

30. Another faculty member confided to Mr. Alzibaree that the woman teaching the classes had been an "emergency hire."

31. Mr. Alzibaree was more qualified than the faculty member who temporarily took the position.



32. In November 2012, CAC again posted the job opportunity to permanently fill the position.

33. Mr. Alzibaree again applied, and was approved again by the Evaluation Committee – along with two other individuals, one of whom was the same woman who CAC chose to teach the position's classes temporarily.

34. CAC's Acting Vice President of Academic Affairs Steven Gonzalez interviewed Mr. Alzibaree for the position.

35. During the interview Mr. Gonzalez asked Mr. Alzibaree, *inter alia*, whether he was from Iraq, and commented on the fact that Mr. Alzibaree's degrees were from Iraq.

36. CAC, acting via its Cabinet Officer for CAC, with the approval of the PCCCD Governing Board, ultimately hired the same female, American-born Caucasian who had taught the position temporarily.

37. CAC later claimed that Mr. Alzibaree was "unqualified" for the position.

38. However, this claim is belied by the fact that multiple individuals at CAC, including the professor ultimately hired, asked Mr. Alzibaree to teach classes part-time in the same department in 2013.

**Administrative Remedy Exhaustion**

39. On May 31, 2013, Mr. Alzibaree filed a charge of discrimination with the EEOC. A true and correct copy of that document is attached as Exhibit A.

40. The EEOC issued a Determination in his favor, finding that CAC had violated Title VII as to Mr. Alzibaree's race and national origin. A true and correct copy of that document is attached as Exhibit B.

41. Mr. Alzibaree received a notice of suit rights for his charge from the U.S. Department of Justice's Civil Rights Division dated as mailed on March 9, 2017. A true and correct copy of that document is attached hereto as Exhibit C.

42. This Complaint is brought prior to 90 days from the date Mr. Alzibaree received his right to sue letter.

43. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.



**FIRST CAUSE OF ACTION – TITLE VII DISCRIMINATION**

44. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

45. Plaintiff is a member of a protected class: Iraqi, Arab.

46. As described above, Plaintiff was subject to unlawful discrimination in that he was passed over for a position (disparate treatment) because of his national origin and race.

47. Plaintiff's loss of the position was a fruit of the unlawful discrimination evidenced by Plaintiff's supervisors.

48. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

49. As a direct and proximate result of Defendant's conduct, Plaintiff has further sustained damages in the form of emotional distress and lost reputation.

**JURY TRIAL DEMANDED**

50. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of federal and/or state law;

B. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities pursuant to the Court's equitable powers;

C. Directing Defendants to place Plaintiff in the position he would have occupied but for Defendants' unlawful actions, and make him whole for all earnings he would have received but for Defendants' discriminatory treatment, including, but not limited to, back pay, front pay, pension, and other lost benefits pursuant to the Court's equitable powers;

D. Awarding Plaintiff compensatory damages in an amount to be determined by the jury;

E. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and



reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

    F.    Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted on this 5th day of June, 2017,

                                              Joshua Carden Law Firm, P.C.

                                              By: s/Joshua W. Carden
                                              Joshua W. Carden
                                              *Attorney for Plaintiff*
                                              *Sabah Alzibaree*